UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENADO WYNCELER JAMES, | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | No. 4:20-cv-2753 |
| | § | |
| v. | § | **COMPLAINT** |
| | § | |
| LVNV FUNDING LLC, | § | DEMAND FOR TRIAL BY JURY |
| Defendants. | | |

Plaintiff RENADO WYNCELER JAMES ("Plaintiff") as and for his Complaint against Defendant LVNV FUNDING LLC ("Defendant") alleges and shows this Court the following:

## I.  INTRODUCTION

1. Plaintiff is RENADO WYNCELER JAMES (hereinafter "Plaintiff" or "Mr. James").

2. Defendant is LVNV FUNDING LLC (hereinafter "Defendant").

3. This is a civil action for actual and statutory money damages, costs of this action, and attorney's fees brought by Plaintiff RENADO WYNCELER JAMES, an individual and consumer, against Defendant LVNV FUNDING LLC, a debt collector, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA").

4. The FDCPA prohibits debt collectors like Defendant from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION AND VENUE

5. This is a civil action to enforce liability created by the FDCPA.

6. 15 U.S.C. § 1692k(d) provides. "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard

1

to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

7. Jurisdiction of this court arises under 15 U.S.C § 1692k(d).

8. Jurisdiction of this court arises under 28 U.S.C § 1331.

9. Defendant is an entity with the capacity to sue and be sued in its common name.

10. Defendant does business within the State of Texas.

11. Defendant does business within this judicial district.

12. Defendant is subject to this court's personal jurisdiction.

13. Venue is proper in this judicial district.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2).

### III.   PARTIES

15. Plaintiff is a natural person.

16. Plaintiff is allegedly obligated to pay a debt.

17. Plaintiff is allegedly obligated to pay a debt to Defendant.

18. The alleged debt that Plaintiff is allegedly obligated to pay to Defendant allegedly arose out of a transaction in which the money, property, insurance, or services that are the subject of the transaction was primarily for personal, family, or household purposes.

19. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20. The alleged debt that Plaintiff allegedly owes to Defendant, and that Defendant attempted to collect from Plaintiff, is a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

21. Defendant is a limited liability company.

22. Defendant is authorized to do business in the State of Texas.

23. Defendant's Texas Taxpayer Number is 12026880273.

24. Defendant's Texas Secretary of State Registration Date is 09/12/2011.

25. Defendant's Texas Secretary of State File Number is 0801479310.

26. Defendant's Registered Agent Name is CSC-LAWYERS INCORPORATING SERVICE COMPANY.

27. Defendant's Registered Office Street Address is 211 E. 7th Street, Suite 620, Austin, TX 78701.

28. Defendant's President is KEVIN BRANIGAN.

29. Defendant's Chief Financial Officer is RUSTY KENDALL.

30. Defendant's Corporate Officer is SCOTT SILVER.

31. Defendant is a person that uses one or more instrumentalities of interstate commerce, including telephone or the mails in their business to collect defaulted consumer debt.

32. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

33. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

34. Defendant also acts as a debt collector through its agents, employees, officers, and/or representatives.

## IV.   FACTS

35. On or about June 8, 2020, Mr. James reviewed his consumer report on CreditKarma.com.

36. On the consumer report, on June 8, 2020, Mr. James observed a tradeline by Defendant.

37. Defendant furnished consumer reporting agencies a tradeline of $839 allegedly owed to Citibank NA The Home Depot by Plaintiff ("Alleged Debt").

38. On June 9, 2020, Plaintiff made a dispute the Alleged Debt with Defendant via telephone.

39. On July 24, 2020 Plaintiff checked his consumer reports again on CreditKarma.com.

40. In reviewing his consumer reports, Plaintiff was very frustrated to find that Defendant failed to communicate to consumer reporting agencies that the Alleged Debt was disputed.

41. As a result of Defendant publishing the above-described false, inaccurate, and incomplete information to consumer reporting agencies, Plaintiff's personal and credit reputation has been severely damage and caused him severe humiliation, emotional distress, and mental anguish.

42. Defendant has continued to report and rereport to consumer reporting agencies the Alleged Debt concerning Plaintiff on Plaintiff's consumer reports to consumer reporting agencies every month or reporting cycle without noting the Alleged Debt as disputed.

43. Credit reporting or consumer credit reporting by a debt collector such as Defendant constitutes an attempt to collect a debt. (*See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R 1993) (a creditor's report of a debt to a consumer reporting agency is a powerful tool, designed in part to wrench compliance with payment terms from its cardholder.")).

44. Defendant through its alleged conduct herein materially lowered Plaintiff's credit score by failing to note the Alleged Debt as disputed when reporting it to consumer reporting agencies after Plaintiff disputed it.

45. A debt reported without dispute results in a much lower credit score than a report of both and the dispute. (*See Sanders v. Branch Bank and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).).

46. Even though Defendant knew on June 9, 2020, that Plaintiff disputed the Alleged Debt, Defendant failed to thereafter communicate to consumer reporting agencies that the Alleged Debt was disputed, thus, in turn, violating the provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692e(8).

## V. CLAIMS FOR RELIEF

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### (15 U.S.C. § 1692e(8))

47. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 46.

48. Defendant violated the FDCPA.

49. Defendant violated 15 U.S.C § 1692e(8) by failing to communicate to one or more consumer reporting agencies that Alleged Debt was disputed by Plaintiff.

50. As a result of Defendant's conduct and violation of the FDCPA, Plaintiff has suffered and continues to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to his actual damages in an amount to be determined by the jury.

51. As a result of the above violations of the FDCPA, Defendants is liable to Plaintiff under the FDCPA for actual damages, statutory damages, attorney's fees, and litigation costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff RENADO WYNCELER JAMES demands a trial by jury and requests that this Court enter judgment against Defendant LVNV FUNDING LLC for:

a) Actual damages in an amount to be determined under 15 U.S.C. § 1692k(a)(1);

b) Statutory damages of $1,000.00 (U.S.) under 15 U.S.C. § 1692k(a)(2)(A);

c) Costs of this action under 15 U.S.C. § 1692k(a)(3);

d) Reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3); and

e) Such other and further relief that this court deems just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| Date:  August 7, 2020 | /s/ Brian L. Ponder |
| | Brian L. Ponder, Esq. |
| | Attorney-in-Charge |
| | New York Bar #: 5102751 |
| | Southern District of Texas Bar #: 2489894 |
| | BRIAN PONDER LLP |
| | 200 Park Avenue, Suite 1700 |
| | New York, New York 10166 |
| | Telephone: (646) 450-9461 |
| | Facsimile: (646) 607-9238 |
| | Email: brian@brianponder.com |
| | ATTORNEY FOR PLAINTIFF |